IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br><br>  v.<br><br>LOCAL LODGE NO. 794,<br>INTERNATIONAL ASSOCIATION OF<br>MACHINISTS AND AEROSPACE<br>WORKERS OF AMERICA, AFL-CIO,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br><br>No. |

## COMPLAINT

Plaintiff Hilda L. Solis, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1.  This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the December 5, 2009 election of union officers conducted by Local Lodge No. 794, International Association of Machinists and Aerospace Workers of America (Defendant), AFL-CIO, for the office of President/Directing Business Representative is void, and directing Defendant to conduct a new election for the office of President/Directing Business Representative under Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.  Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C.

§ 1391(b).

PARTIES

4.  Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.  Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Bernalillo, New Mexico, within the jurisdiction of this district.

FACTUAL ALLEGATIONS

6.  Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act, 29 U.S.C. §§ 402(i), 402(j) and 481(b).

7.  Defendant, purporting to act pursuant to its Bylaws and the International Constitution, conducted an election of officers on December 5, 2009, and this election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-484.

8.  By letter dated December 10, 2009, to the Defendant's President/Directing Business Representative, Ernest Dow, the complainant, Benjamin C. Wolfe, a member in good standing of Defendant, contested the December 5, 2009 election results.

9.  On December 12, 2009, the Defendant's membership voted against Wolfe's protest of the election and his eligibility to run for office.

10.  By letter dated December 17, 2009, to International President Thomas R. Buffenbarger, Wolfe appealed the decision of the Defendant's membership.

11.  By letter dated January 12, 2010, to Wolfe, the International's General Vice President Richard P. Michalski denied the appeal.

12.  Having exhausted the remedies available under the Defendant's Bylaws and International's Constitution by receiving a final decision, the complainant filed a timely complaint with the Secretary of Labor on February 1, 2010, within the one calendar

month required under section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

13.  By letter signed March 16, 2010, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to April 23, 2010.

14.  Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) a violation of Title IV of the Act, 29 U.S.C. §§ 481-484, had occurred in the conduct of the Defendant's

December 5, 2009 election; and (2) that such violation had not been remedied at the time of the institution of this action.

CAUSE OF ACTION

15.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election when it applied its requirement that all candidates be "working at the trade" to disqualify Wolfe from being a candidate for union office, even though he was actively contesting his termination from employment.

16.  The violation of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the Defendant's election for the office of President/Directing Business Representative.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the office of President/Directing Business Representative to be void;

(b)  directing the Defendant to conduct a new election for the office of President/Directing Business Representative under the supervision of the Plaintiff;

(c)  for the costs of this action; and

3

(d)  for such other relief as may be appropriate.

Respectfully submitted,
TONY WEST
Assistant Attorney General

GREGORY J. FOURATT
United States Attorney

Manul Lucero
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
 505-346-7274
manny.lucero@usdoj.gov

4

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

CLINTON WOLCOTT
Counsel for Legal Advice

JAMES E. CULP
Regional Solicitor

BRENDA J. STOVALL
Attorney

U.S. Department of Labor
Richard M. Moyed
Attorney
U.S. Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3149
Fax:(972) 850-3101
Email:      moyed.richard@dol.gov