FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

11 FEB 11 PM 4:36

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

Case No. 2010 CV 399 RB/DJS

LOCAL LODGE 794, INTERNATIONAL
ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS OF AMERICA
AFL-CIO,

Defendant.

## JUDGMENT

This matter, having been settled by Plaintiff, the Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendant, Local Lodge 794, International Association of Machinists and Aerospace Workers of America ("Local 794"), as set forth in the Consent Decree and Order that was approved, entered and adopted as an Order of this Court on August 18, 2010, (Doc. No. 5) accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that the Secretary's Certification of Election (the "Certification"), which is attached hereto as Exhibit A, is approved and that person set forth in the Certification is hereby declared to be the duly elected officer of Local 794 to serve in the capacities set forth therein.

1

IT IS FURTHER ORDERED, ADJUDGED and DECREED that each Party shall bear its own costs, fees and/or other related expenses incurred in connection with any stage of this proceeding.

*[signature]*

WILLIAM F. DOWNES
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

TONY WEST
Assistant Attorney General

KENNETH J. GONZALES
United States Attorney

**Electronically filed February 9, 2011**
MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
505-346-7274
manny.lucero@usdoj.gov


YOUTZ & VALDEZ, P.C.

**Approved February 9, 2011**
Shane C. Youtz
Marianne Bowers
900 Gold Ave. S.W.
Albuquerque, NM 87102
(505) 224-1200
(505) 224-9700 FAX

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

CLINTON WOLCOTT
Counsel for Legal Advice

JAMES E. CULP
Regional Solicitor

BRENDA J. STOVALL
Attorney

U.S. Department of Labor

Richard M. Moyed
Attorney
U.S. Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3149
Fax:(972) 850-3101
Email:  moyed.richard@dol.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

v.

Case No. 2010 CV 399 RB/DJS

LOCAL LODGE 794, INTERNATIONAL
ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS,

        Defendant.

## CERTIFICATION OF ELECTION

The election having been conducted in the above matter under the supervision of the Secretary of Labor, United States Department of Labor, pursuant to a Stipulation and Order of Settlement entered August 18, 2010, in the United States District Court for the District of New Mexico, in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 481-483), and in conformity with the constitution and bylaws of the defendant labor organization, insofar as lawful and practicable, therefore:

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482(c)), and the authority delegated to me,

RECEIVED

2011 JAN -7 AM 8:55

US ATTORNEY'S OFFICE
ALBUQUERQUE NM

IT IS HEREBY CERTIFIED that the following named candidate has been duly elected to the office designated:

    Ernest Dow        President/Directing Business Representative

Attached herewith is a declaration setting forth a protest concerning violations which were alleged to have occurred in the conduct of the election and the findings of the investigation of this protest.

Signed this 3rd day of January, 2011.

*Patricia Fox*

Patricia Fox, Chief
Division of Enforcement
Office of Labor-Management Standards
United States Department of Labor

RECEIVED

2011 JAN -7 AM 8:55

US ATTORNEY'S OFFICE
ALBUQUERQUE NM

## DECLARTION OF PATRICIA FOX

I, Patricia Fox, am the Chief, Division of Enforcement, Office of Labor-Management Standards ("OLMS"), U. S. Department of Labor ("Department"). Pursuant to a Stipulation and Order of settlement filed August 18, 2010, in the United States. District Court for the District of New Mexico, the Department supervised Local Lodge 794's nomination and election for the office of president/directing business representative.

Ernest Dow was the only eligible candidate nominated for the office of president/directing business representative at the nominations meeting held on October 16, 2010. He was therefore elected by acclamation. A protest was filed by the complainant, Benjamin Wolfe, who had been rule ineligible to be a candidate for the office of president/directing business representative. No other election protests were filed with the election supervisor. Each of the complainant's allegations is set forth below with an explanation for its dismissal.

The complainant alleged that the Department improperly declared him ineligible to run as a candidate for the office of president/directing business representative, and that this decision was based on politics and not on the law. The Department's investigation established that the complainant nominated himself for the office of president/directing business representative at the October 16, 2010 nomination meeting. The combined notice of nominations and election contained the eligibility requirements to run for the office of president/directing business representative. Pursuant to Article B, Section 3 of the International Association of Machinists and Aerospace Workers ("IAMAW") Constitution, any member whose dues have been paid without delinquency for the two

RECEIVED

2011 JAN -7 AM 8:55

US ATTORNEY'S OFFICE
ALBUQUERQUE NM

years immediately preceding the nominations meeting and who has been working at the trade for one year is a member in good standing and eligible to run for office. The notice of nomination and election also listed four exceptions to the working at the trade requirement: retired members on pension who pay full dues; members who are salaried full-time employees of any lodge, district lodge, general council, conference or AFL-CIO; members who are laid off during the period immediately prior to their nomination; and members who have been unable to obtain employment at the trade because of a strike, lockout, discrimination, or temporary physical disability.

The Department's election supervisor determined that the complainant had paid dues without delinquency for the two years immediately preceding the nominations meeting, but he did not satisfy the local lodge's working at the trade requirement because he was not employed by an employer who has a collective bargaining agreement with Local Lodge 794, and the appeal of his termination from employment was no longer pending. The complainant had been employed by General Electric, but was terminated on September 11, 2007. As a result of his discharge, he filed a grievance through the union's collective bargaining process challenging his termination from employment and also filed two unfair labor practice ("ULP") charges against the employer.

The complainant had also been a nominee for the position of president/directing representative for the local's December 5, 2009 election of officers. At that time, Local Lodge 794 determined that the complainant was ineligible to be a candidate for that office because he did not meet the union's "working at the trade" requirement. On February 1, 2010, the complainant filed a timely election protest with the Department challenging Local Lodge 794's eligibility determination. As a result of its investigation,

2

RECEIVED

2011 JAN -7  AM 8:55

US ATTORNEY'S OFFICE
ALBUQUERQUE NM

the Department determined that, as a union member who was contesting his discharge from covered employment, the complainant must be considered to be eligible until the contest is abandoned or has run its course. Inasmuch as the complainant's grievance regarding his termination was pending at the time of the December 5, 2009 election, the Department considered Wolfe eligible for the office of president/directing business representative. The Department filed a complaint in District Court seeking a new election, pursuant to Section 402 of the Labor Management Reporting and Disclosure Act (LMRDA). 29 U.S.C. § 402. The Department and the union agreed to settle this action by agreeing that the prior election would be set aside and a new election for the office of president/directing business representative would be supervised by the Department.

During the conduct of the supervised election, but before nominations for the office of president/directing business representative, the Department's Election Supervisor received a copy of an October 6, 2010 letter to the complainant's attorney from the National Labor Relations Board's (NLRB) General Counsel related to the complainant's discharge from General Electric. The letter informed the complainant's attorney that the proceedings in the complainant's prior appeals with the NLRB were fair and that his appeal of the decision from the NLRB Phoenix office was without merit and was denied. The complainant acknowledged receiving the NLRB's October 6, 2010 letter. Prior to the nominations meeting, the Department's election supervisor orally informed the complainant that he was no longer eligible to run for office in the supervised election for the position of president/directing business representative. By letter dated October 20, 2010, the OLMS confirmed the election supervisor's determination of ineligibility by informing the complainant that he was ineligible to run

RECEIVED

2011 JAN -7 AM 8:55

US ATTORNEY'S OFFICE
ALBUQUERQUE NM

for office because he failed to satisfy the local's working at the trade requirement since he no longer had a pending appeal of his 2007 termination from employment. Moreover, the letter explained that the complainant did not qualify for any of the exceptions to the working at the trade requirement listed in the nominations and election notice. He was not a retiree; he was not a full-time salaried employee of the union or AFL-CIO; a laid-off member; or a member unable to obtain employment at the trade due to a strike, lockout, discrimination, or temporary physical disability. The Department's election supervisor properly declared complainant ineligible to run for the office of president/directing business representative. There was no violation of the LMRDA.

With regard to the complainant's allegation that the Department's decision to declare him ineligible was due to politics and not the law, the investigation established that the nomination and election for the office of president/directing business representative was conducted pursuant to a stipulated settlement between the local lodge and the Secretary of Labor. Pursuant to the terms of the agreement, new nominations, if necessary, and a new election would be conducted under the supervision of the Secretary of Labor. As such, the supervised nomination and election, by acclamation, was conducted in accordance with the LMRDA, and the provisions of the local's constitution and bylaws that relate to the supervised election were to be determined by the Secretary of Labor, and her decisions were final. The outcome of the supervised election was governed by the LMRDA. There was no violation of the LMRDA.

The complainant alleged that candidate Ernest Dow was improperly declared eligible to run as a candidate for the office of president/directing business representative, because he did not meet the meeting attendance requirement. He also alleged that he met

4

RECEIVED

2011 JAN -7 AM 8:55

US ATTORNEY'S OFFICE
ALBUQUERQUE NM

the meeting attendance requirement and should have been declared eligible to run for the same office. The investigation revealed that after consulting with the Division of Enforcement, the OLMS election supervisor waived the 50 percent meeting attendance requirement because members could not have known about the supervised election in time to meet this requirement. The investigation revealed that the local lodge's combined notice of nominations and election contained the eligibility requirements to run for president/directing business representative and also informed members that the local lodge's meeting attendance candidate eligibility requirement would be waived for the supervised election of president/directing business representative. Specifically, the notice informed members that "nominees for the president/directing business representative will not be required to meet the 50 percent meeting attendance requirement . . . ." Thus, whether or not a member met the meeting attendance requirement was not a criterion for determining a nominee's eligibility to run for the position of president/directing business representative, and it was not necessary for the Department to determine whether Dow or the complainant met that requirement. There was no violation of the LMRDA.

The complainant alleged that the 50 percent meeting attendance requirement should have been applied to all candidates for the secretary-treasurer position. The election for the secretary-treasurer position was not conducted under the supervision of the Department. Rather, the election for this office was held to fill a vacancy that occurred when the previously elected secretary-treasurer resigned. An election to fill a position that has become vacant between regularly scheduled elections is not subject to the requirements of Title IV. See 29 CFR § 452.25. Thus, any protest concerning the

RECEIVED

2011 JAN -7  AM 8:55

US ATTORNEY'S OFFICE
ALBUQUERQUE NM

election of the secretary-treasurer should have been filed with Local Lodge 794 pursuant to its election protest procedures. There was no violation of the LMRDA.

The Department has concluded from its investigation and analysis that there were no violations of Title IV that occurred during the supervised election that concluded October 16, 2010. Accordingly, the election, by acclamation, held pursuant thereto complied with the District Court's Order and the results of the supervised election are certified.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of January 2011, in the City of Washington, District of Columbia.

*Patricia Fox*

Patricia Fox
Chief, Division of Enforcement
Office of Labor-Management standards
United States Department of Labor

RECEIVED
2011 JAN -7 AM 8:55
US ATTORNEY'S OFFICE
ALBUQUERQUE NM